IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BENJAMIN A. WAGNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-15-1280-HE |
| v. | ) | |
| | ) | |
| GARFIELD COUNTY DETENTION CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

On November 18, 2015, Plaintiff, a state prisoner appearing *pro se*, filed his Complaint in this action pursuant to 42 U.S.C. § 1983. With his Complaint, Plaintiff filed an application seeking leave to proceed *in forma pauperis* consistent with 28 U.S.C. §1915(a). The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

On November 19, 2015, an Order was entered granting Plaintiff's application seeking leave to proceed *in forma pauperis*. The Order required Plaintiff to pay an initial partial filing fee of $12.10 representing 20 percent of the average monthly deposits in Plaintiff's institutional accounts for the six-month period immediately preceding the filing of the Complaint, pursuant to 28 U.S.C. § 1915(b). Plaintiff was directed to pay the required fee on or before December 7, 2015, and Plaintiff was advised in the Order that unless he either paid the required initial partial filing fee by the specified date or showed cause in writing for his failure to pay, the action could be dismissed without prejudice to refiling. Plaintiff was also advised of the opportunity to

1

voluntarily dismiss the action in accordance with Fed. R. Civ. P. 41(a) on or before December 7, 2015, without incurring any fees or costs.

The Order referring the matter to the undersigned Magistrate Judge (Doc. # 4) was mailed to Plaintiff at his last known address on November 18, 2015, and the Order granting Plaintiff's application seeking leave to proceed *in forma pauperis* (Doc. # 5) was mailed to Plaintiff at his last known address on November 19, 2015. However, the United States Post Officer has returned both Orders to the Court and advised that the Orders are "not deliverable as addressed" and the Post Office is "unable to forward" the documents. (Docs. # 5, 6).

To this date, Plaintiff has not paid the required initial partial filing fee or sought an extension of time to do so. Nor has Plaintiff submitted an explanation for not complying with the Court's Order. Pursuant to Local Civil Rule 3.4(a), Plaintiff's failure to pay the initial partial filing fee by the specified date, seek a timely extension of time to do so, or show cause in writing why he is unable to pay the fee warrants dismissal of the action without prejudice to refiling. See Freeman v. Colo. Dep't of Corr., 396 Fed.Appx. 543 (10th Cir. 2010)(unpublished op.)(affirming dismissal without prejudice of § 1983 action for failure to pay required initial partial filing fee); Barnett v. Ray, 320 Fed.Appx. 823 (10th Cir. 2009)(unpublished op.)(same).

Plaintiff has also failed to comply with the Court's local procedural rule requiring that he notify the court of a change of address. LCvR 5.4(a). Based on the foregoing, the undersigned recommends that the action be dismissed without prejudice. See Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002)("The Federal Rules of Civil Procedure authorize sanctions, including dismissal . . . for failing to comply with court rules or any order of the court, *see* Fed.R.Civ.P.

41(b)"). See also Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Ctr., 492 F.3d 1158, 1161 n. 2, 1162 (10th Cir. 2007)(*sua sponte* dismissal for failure to comply with court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing action without prejudice for failure to comply).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be DISMISSED without prejudice. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by      January 4th, 2016, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   14th   day of    December   , 2015.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE